## Kelly v. Harlan National Bank.

(Decided March 23, 1926.)

### Appeal from Harlan Circuit Court.

1. Bills and Notes—Letter to Prospective Purchaser of Note, Agreeing to Pay Before Maturity on Certain Conditions and Recognizing Validity of Note, Held Not to Put Purchaser on Notice of Any Infirmities in Note.—Letter to bank, promising to pay note before maturity if bank purchased same, provided maker received certain loan from insurance company and further stating that nothing in the agreement should be construed as affecting validity of note, held not to put bank on notice of any infirmities in note or agreement that it was not to be paid if loan was not made.

2. Bills and Notes—Maker's Assurance that Note was Valid Held to Estop Maker from Claiming Invalidity Against Purchaser.—Letter from maker of promissory note to bank assuring validity of note and promising payment before maturity on certain conditions if bank purchased note held to estop maker from asserting invalidity of note as against bank purchasing in reliance on such assurance.

3.   Appeal and Error.—One against whom peremptory instruction should have been granted is not entitled to complain of instructions or any error in admission or rejection of evidence.

J. S. FORESTER for appellant.

LYTTLE & MORGAN and E. H. JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On January 20, 1923, J. S. Kelly executed and delivered to B. E. Coomes and A. W. Denham a note for $1,354.72, payable five months from date. Before its maturity Coomes and Denham discounted the note at the Harlan National Bank. The note not being paid at maturity the bank sued the maker and endorsers. Kelly defended on the ground that the note was given for premiums on certain policies of insurance issued and delivered to him by the Inter-Southern Life Insurance Company; that the note was not to be paid unless the agents procured for him a loan on a hotel building which he was then erecting in Harlan; that the proposed loan was not made; and that the bank knew of the infirmity of the note at the time of its purchase. The bank filed a reply in which it denied the allegations of the answer and pleaded in the second paragraph that the Inter-Southern Life Insurance Company was ready, able and willing at all times to make the loan to Kelly, but that he procured a larger loan from another company and refused to take the loan from the Inter-Southern Life Insurance Company. In the third paragraph it pleaded that, before the note was purchased from Coomes and Denham, Kelly executed, signed and delivered the following writing to the bank for the purpose of inducing it to discount the note:

"Jan. 20, 1923.

"Harlan National Bank,
Harlan, Ky.

"Dear Sirs:

"This is to advise you that I have this day executed my certain promissory note to the order of B. E. Coomes and A. W. Denham for $1,354.72 due and payable five months after date with 6% interest from date. It is further to advise you that I have made a formal application to the Inter-Southern Life Insurance Co. for a loan of the approximate sum of $15,000.00. Now, should you purchase from said

Coomes and Denham said note referred to above, and should I obtain from said Inter-Southern Life Insurance Company, a loan prior to the date of maturity of said note I hereby agree with you and bind myself to pay said note described above prior to its date of maturity and at such time as I shall obtain the proposed loan from the said Inter-Southern Life Ins. Co. and with and from the funds thus obtained.

"It shall be understood that nothing in this agreement shall be construed as affecting the validity of my note referred to above."

That Coomes and Denham presented to the bank the writing, and that relying thereon it purchased said note for value in good faith and in due course without any notice whatever that Kelly was then claiming or had ever claimed or would claim that he had any defense to the note, and that by reason thereof said Kelly was estopped to plead or rely upon the defense or any part thereof set up in the second paragraph of his answer. Thereupon Kelly demurred to the second and third paragraphs of the reply, and without waiving his demurrers filed a rejoinder denying the allegations of each paragraph. Evidence was heard and the jury found for the bank. Kelly appeals.

The court's refusal to give an offered instruction, and error in the given instructions, are the principal grounds urged for reversal, but these matters require no discussion in view of the conclusion of the court. In the first place, there is nothing in the evidence to justify the inference that the bank knew of the alleged agreement that the note was not to be paid unless the loan was obtained. Certainly, the letter which appellant wrote to the bank before the note was discounted was not sufficient to put the bank on notice. It did not state or intimate that the note was not to be paid unless the loan was made. On the contrary, it merely obligated appellant to pay the note before maturity if he obtained the loan before that time. Not only so, but the letter closes as follows:

"It shall be understood that nothing in this agreement shall be construed as affecting the validity of my note referred to above."

This language can not be construed as anything less than an assurance that the note was valid, and, as the bank parted with its money on the faith of the assurance,

appellant will not be heard to say that he has a defense against the note. Upon this showing appellee was entitled to a peremptory instruction, and appellant is not in position to complain of the instructions or any error in the admission or rejection of evidence.

Judgment affirmed.